IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOUSTON BYRD,

    **Plaintiff,**

                        Case No. 2:21-cv-2288
                        Judge Sarah D. Morrison
    v.                     Magistrate Judge Chelsey M. Vascura

**CHRISTOPHER COOK**, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Houston Byrd, an Ohio resident who his proceeding without counsel, brought this action in state court against Christopher Cook and Brad Farnsworth (collectively "Defendants"). Although Plaintiff's Complaint lacks clarity, he references a number of federal and state laws that he appears to maintain Defendants violated. Defendants filed a Notice of Removal (ECF No. 1), removing this action on the basis of original jurisdiction under 28 U.S.C. § 1331. Defendants point out that although his Complaint lacks clarity, Plaintiff relies upon and cites numerous federal statutes. This matter is before the Court for consideration of Plaintiff's Motion to Strike Removal (ECF No. 8), in which Plaintiff maintains that Defendants' removal of this action from state court was improper. The undersigned construes Plaintiff's Motion to Strike Removal as a motion for remand, and, for the reasons that follow, **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted).

Here, Defendants properly initiated removal of this action by filing a Notice of Removal (ECF No. 1) that contains a statement of the grounds for removal, namely, that this Court has original jurisdiction because Plaintiff purports to bring claims arising under federal laws. Review of Plaintiff's Complaint reflects that Plaintiff does, if fact, cite numerous federal statutes that he maintains Defendants violated. (*See* Pl.'s Compl., ECF No. 4 (referencing 18 U.S.C. § 656 (theft, embezzlement, or misapplication by bank officer or employee), 18 U.S.C. § 1341 (frauds and swindles), 18 U.S.C. § 1348 (securities and commodities fraud), 18 U.S.C. § 1349 (attempt and conspiracy), and 42 U.S.C. § 1985 (conspiracy to interfere with civil rights)).) The fact that Plaintiff also cites numerous state statutes that he maintains Defendants violated does not deprive this Court of jurisdiction.

For these reasons, it is **RECOMMENDED** that Plaintiff's Motion to Strike Removal (ECF No. 8) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

2

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE