# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HOUSTON BYRD,**

    **Plaintiff,**

v.

**CHRISTOPHER COOK,** *et al.*,

    **Defendants.**

Case No. 2:21-cv-2288
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## ORDER

Plaintiff Houston Byrd first filed this action against Defendants Christopher Cook, individually and in his capacity as Associate Director of FINRA's Office of the Ombudsman, and Brad D. Farnsworth in the Licking County Common Pleas Court. (ECF No. 4.) Defendants timely removed the action to this Court on the grounds that, though lacking in clarity and specificity, Mr. Byrd's Complaint asserts claims under federal law and, thus, this Court had original jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.) Mr. Byrd then filed a Motion to Strike the Notice of Removal. (ECF No. 8.) This matter is now before the Court on the Magistrate Judge's Report and Recommendation recommending that Mr. Byrd's Motion to Strike be denied. (ECF No. 10.) Mr. Byrd has since filed objections to the Magistrate Judge's Report and Recommendation (ECF No. 13) and a related Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 14). For the reasons set forth below, the Court **OVERRULES** Mr. Byrd's objections and **ADOPTS** and **AFFIRMS** the Magistrate

Judge's Report and Recommendation. For the same reasons, Mr. Byrd's Motion to Dismiss is **DENIED**.

I.  **STANDARD OF REVIEW**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

II.  **ANALYSIS**

The Magistrate Judge construed Mr. Byrd's Motion to Strike the Notice of Removal as a motion to remand this matter back to the state courts. In the Report and Recommendation, she carefully analyzed whether Defendants' Notice of Removal was properly filed. Namely, whether the notice contains "a short and plain statement of the grounds for removal" and whether the case is removable under statute. She found in the affirmative, and recommended that this Court deny Mr. Byrd's motion. Mr. Byrd objects to the Report and Recommendation, arguing that the Magistrate Judge "failed to address the stipulations set-forth by 28 U.S.C. § 1441 and 28 U.S.[C.] § 1446." (ECF No. 13, PAGEID # 656.) Mr. Byrd's objections are without merit.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree . . . ." *Hudson v. Coleman*, 347 F.3d 138, 141

(6th Cir. 2003) (internal citations omitted). Accordingly, a case must fall into one of very few categories to be heard by this Court. Those categories are set out by statute. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for 'federal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (alterations omitted). More specifically, under § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And under § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."

Defendants invoke 28 U.S.C. § 1331 as the source of the Court's subject matter jurisdiction over this case. They note that Mr. Byrd's Complaint cites a number of federal statutes—including 18 U.S.C. §§ 1341, 1348, and 1349 and 42 U.S.C. § 1985—as the basis for his claims. They correctly assert that the claims, therefore, present a federal question over which this Court has original jurisdiction.

Mr. Byrd hangs his objections on the language of 28 U.S.C. § 1441(b)(2):

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [(diversity jurisdiction)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

He points out that, in some instances, cases initiated in state court *may not be removed* to federal court. Mr. Byrd reiterates this argument in his more recently filed Motion to Dismiss. While the general proposition is correct, it is inapplicable

3

here. Defendants do not argue that this Court has subject matter jurisdiction solely on the basis of diversity of citizenship of the parties. Instead, they argue—and both the Magistrate Judge and this Court agree—that the Complaint raises a federal question, and that it is, accordingly, properly removable to this Court.

III. CONCLUSION

Mr. Byrd's objection (ECF No. 13) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 10). Mr. Byrd's Motion to Strike Notice of Removal (ECF No. 8) and Motion to Dismiss (ECF No. 14) are **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**