UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOUSTON BYRD, JR.,

      **Plaintiff,**

  v.

**CHRISTOPHER COOK**, *et al.*,

      **Defendants.**

:

Case No. 2:21-cv-2288
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

## OPINION AND ORDER

Plaintiff Houston Byrd first filed this action against Defendants Christopher Cook (individually and in his capacity as Associate Director of FINRA's Office of the Ombudsman) and Brad D. Farnsworth in the Licking County Common Pleas Court. (ECF No. 4.) Defendants timely removed the action to this Court. (ECF No. 1.) The case is now before the Court on several motions. Both Mr. Cook and Mr. Farnsworth have filed Motions to Dismiss. (ECF Nos. 5, 6.) Mr. Farnsworth also filed a Motion to Declare Plaintiff a Vexatious Litigator. (ECF No. 7.) Mr. Byrd belatedly responded to those motions (ECF No. 27) and moved to strike them. (ECF No. 25.) Mr. Byrd has also filed objections (ECF No. 17) to this Court's May 28, 2021 Opinion and Order denying his motion for remand and motion to dismiss, objections (ECF No. 19) to the Magistrate Judge's June 4, 2021 Order denying his motion for sanctions, and a renewed Motion for Sanctions (ECF No. 24).

For the reasons set forth below, the Court **GRANTS** Mr. Cook's and Mr. Farnsworth's Motions to Dismiss; **GRANTS** Mr. Farnsworth's Motion to Declare Plaintiff a Vexatious Litigator; **OVERRULES** Mr. Byrd's objections; and **DENIES** Mr. Byrd's Motion for Sanctions and Motion to Strike.

I.   BACKGROUND

Proceeding without assistance of counsel, Mr. Byrd filed this suit in the Common Pleas Court of Licking County on April 7, 2021. (*See* ECF No. 4.) Before summarizing the allegations, the Court must note that Mr. Byrd's Complaint is nearly incomprehensible. It lacks organization and structure, which renders the content difficult to interpret. The Complaint also includes several emails—some of which appear to have been later annotated—in no discernable order and without context. Despite its shortcomings, the Complaint does make clear that Mr. Byrd's claims center around the allegedly unauthorized purchase of an annuity contract for his individual retirement account ("IRA").

Mr. Byrd engaged Wayne Farnsworth, Jr., Brad Farnsworth, and Valmark Securities, Inc. to provide financial advice and investment services. (*See* ECF Nos. 4-2, 4-3.) Through that relationship, an AIG variable annuity policy (the "Annuity") was purchased for Mr. Byrd's IRA. (*See* ECF No. 4-2.) The application to purchase the Annuity was signed by Mr. Byrd and Wayne Farnsworth, Jr. on December 10, 2012. (ECF No. 4-2. *See also* ECF No. 4-5, PAGEID #155.) According to an investigation into the matter conducted by AIG,

> [AIG received] proof of contract delivery to [Mr. Byrd's] address of record on January 3, 2013, at 9:35AM. The contract . . . provided a full description of the product as well as the provisions associated therewith.

2

> The [Annuity] contained a Right to Examine provision, which afforded [Mr. Byrd] the opportunity to render it void by returning it within the specified timeframe after receipt for a full refund. . . [AIG's] records do not reflect [Mr. Byrd] chose to exercise [his] rights under this provision.

(ECF No. 4-5, PAGEID # 155.)

A dispute erupted between Mr. Byrd and his advisors about the Annuity and associated fees, and the relationship was terminated. (*See* ECF Nos. 4, 4-8.) The termination notice, dated April 28, 2017, reads:

> Dear Mr. Byrd,
>
> Please be advised that, effective immediately, Farnsworth Financial and ValMark Securities, Inc. are terminating our professional relationship with you, and will no longer render investment services to you.
>
> Your AIG/SunAmerica variable annuity policy and your American Funds mutual fund account will now be serviced by the respective carrier and fund family. You may contact them directly for any questions or concerns that you have regarding your accounts in the future.

(ECF No. 4-8.)

Mr. Byrd sought relief from the Financial Industry Regulatory Authority ("FINRA").[1] Mr. Byrd was apparently dissatisfied with FINRA's response, both initially and when he elevated his complaint to the Office of the Ombudsman, headed by Mr. Cook. (*See* ECF No. 4, 16.) He now appears to assert claims for mail fraud, securities fraud, theft, breach of fiduciary duty, and civil conspiracy to defraud, among others. (*See* ECF No. 4.)

---

[1] FINRA is a self-regulatory organization ("SRO") that "conduct[s] the daily regulation and administration of the securities markets," including by "promulgat[ing] rules, enforc[ing] compliance with those rules, and disciplin[ing] members [(registered broker dealers and other securities representatives)] and associated persons who violate the rules or federal securities laws." (ECF No. 1, ¶ 7.)

## II. MOTIONS TO DISMISS

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

A plaintiff faces a heightened pleading standard with respect to claims sounding in fraud. In particular, a plaintiff must plead "with particularity the

4

circumstances constituting the fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy the heightened standard, a plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Aero Fulfillment Servs. Corp v. Oracle Corp.*, 186 F. Supp. 3d 764, 776 (S.D. Ohio 2016) (Black, J.) (quoting *U.S. ex rel. Marlar v. BWXT Y-12 LLC*, 525 F.3d 439, 444 (6th Cir. 2008)). In other words, the plaintiff must plead sufficient detail "to allow the defendant to prepare a responsive pleading." *Id.* (quoting *MyVitaNet.com v. Kowalski*, No. 2:08-cv-48, 2008 WL 2977889, at *5 (S.D. Ohio July 29, 2008) (Frost, J.)).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### B. Discussion

Both Mr. Cook and Mr. Farnsworth have filed Motions to Dismiss. The Court will address them in turn.

#### 1. Mr. Byrd fails to state a claim against Mr. Cook upon which relief may be granted.

Mr. Cook argues that Mr. Byrd's claims against him must be dismissed because: (i) the Complaint fails to state a claim against him upon which relief may

5

be granted; (ii) he is entitled to absolute regulatory immunity as an employee of FINRA; and (iii) there is no private right of action under the Securities Exchange Act of 1934 against FINRA employees or under the various federal criminal statutes cited in the Complaint. (ECF No. 5, 1.) Mr. Cook's arguments are well-taken.

With respect to the claims against him in his individual capacity, it is striking that the Complaint scarcely mentions Mr. Cook. The Complaint excerpts a November 16, 2020 email Mr. Cook authored, which states, in full:

> Mr. Byrd,
>
> There is no rule governing the confidentiality – this is a FINRA internal policy. In line with that policy, FINRA does not provide other information such as dates/times of contact. However, it appears you already have much of that in your past emails.
>
> Regards,
>
> Christopher Cook

(ECF No. 4, 4) (emphasis omitted). The only other mention of Mr. Cook is in a January 21, 2021 email, in which Mr. Byrd expresses his dissatisfaction with FINRA's handling of his dispute. (*Id.*, 7.) In short, the Complaint does not allege that Mr. Cook engaged in any conduct that might form the basis of a claim—let alone a claim sounding in fraud. Though it contains the conclusory allegation that "FINRA . . . failed to ethically investigate and patently fabricated the truth," the Complaint fails to allege any facts in support of that conclusion. As a result, Mr. Byrd's Complaint fails to assert any plausible claims against Mr. Cook in his personal capacity. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

6

Even assuming, *arguendo*, that the Complaint could be construed to state a cause of action against Mr. Cook in his professional capacity, it still must fail. As Mr. Cook points out, Mr. Byrd faces substantial hurdles in bringing suit against a FINRA employee. First, as this Court has recently explained, "FINRA is immune 'from suit for conduct falling within the scope of the SRO's regulatory and general oversight functions.'" *Mohlman v. Fin. Indus. Regulatory Auth., Inc.*, No. 3:19-cv-154, 2020 WL 905269, at *3 (S.D. Ohio Feb. 25, 2020) (Rose, J.) (quoting *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 105 (2d Cir. 2001)) (collecting cases), *aff'd on other grounds*, 977 F.3d 556 (6th Cir. 2020). What's more, "FINRA's regulatory immunity extends to its employees acting within the 'aegis of the Exchange Act's delegated authority.'" *Id.* at *4 (quoting *P'ship Exch. Sec. Co. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999)). *See also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011) ("There is no question that an SRO and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities."); *Hurry v. Fin. Indus. Regulatory Auth., Inc.*, No. CV-14-02490-PHX-ROS, 2015 WL 11118114, at *5 (D. Ariz. Aug. 5, 2015) (concluding that, because regulatory immunity derives from sovereign immunity, it extends to FINRA employees carrying out their duties).

Mr. Cook's Motion to Dismiss the claims against him is **GRANTED**.

### 2. Mr. Byrd fails to state a claim against Mr. Farnsworth upon which relief may be granted.

Next, Mr. Farnsworth argues that Mr. Byrd's claims against him fail because (i) there is no private right of action under the various criminal statutes cited in the Complaint; (ii) any claim based on Mr. Byrd's 2012 purchase of the Annuity is time-barred under federal and state securities laws; and (iii) any state law tort claim is similarly time-barred. (ECF No. 6, 4.) Mr. Farnsworth's arguments are also well-taken.

First, to the extent Mr. Byrd seeks to assert claims under federal or Ohio criminal statutes, he cannot. The criminal statutes cited in his Complaint are varied—including, *inter alia*, 18 U.S.C. §§ 656, 1341, 1346, 1348, 1349, and Ohio Rev. Code § 2913.02—but share one critical commonality: none establishes a private right of action. *See Parks v. Schelderer*, No. 2:20-cr-672, 2020 WL 2112160, at *3 (S.D. Ohio May 4, 2020) (Deavers, M.J.) ("Unless specifically provided, federal criminal statutes typically do not create private rights of action.") (citation omitted). "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19 (1979). Mr. Byrd cannot proceed under these statutes in a civil action for money damages.

Mr. Farnsworth argues that Mr. Byrd's remaining claims against him are time-barred. The Court agrees. Those claims, predicated on the purchase and sale of the Annuity, can be generally divided into statutory securities fraud and common

law torts sounding in fraud. Under both the federal and Ohio securities laws, a claim for securities fraud must come within five years of the date on which the security is sold. 28 U.S.C. § 1658(b); Ohio Rev. Code § 1707.43(B). Similarly, Ohio law establishes a four-year statute of limitations on common law tort claims, which begins to run only when "the complainants have discovered, or should have discovered, the claimed [fraud]." *Investors REIT One v. Jacobs*, 546 N.E.2d 206, 207 (Ohio 1989) (syllabus). *See also* Ohio Rev. Code § 2305.09(C).

A motion to dismiss for failure to state a claim "can be an appropriate mechanism for dismissal of time-barred claims . . . [']when the complaint shows conclusively on its face that the action is indeed time-barred.'" *Hawkins v. CooperSurgical, Inc.*, No. 1:19-cv-01047, 2020 WL 1864907, at *2 (S.D. Ohio Apr. 14, 2020) (Barrett, J.) (quoting *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 500 (S.D. Ohio 2012) (Frost, J.)). The Complaint indicates that the Annuity was purchased at the turn of 2013. (ECF No. 4-5, PAGEID # 155.) It also includes emails from Mr. Byrd, which reference the Annuity, dating as far back as July 14, 2015. (ECF No. 4, 6.) Mr. Byrd commenced this action on April 7, 2021. Accordingly, the Complaint conclusively shows that Mr. Byrd's non-criminal claims against Mr. Farnsworth are time-barred.

Mr. Farnsworth's Motion to Dismiss the claims against him is **GRANTED**.

### III. MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR

Contemporaneous with his Motion to Dismiss, Mr. Farnsworth moved for this Court to declare Mr. Byrd a vexatious litigator. (ECF No. 7.) He later moved for leave to supplement the motion. (ECF No. 22.) Mr. Byrd filed an objection to the

9

motion for leave to supplement, which the Court construes as a response in opposition. (ECF No. 23.) The response does not contain argument on-topic, except to state that it "[s]eems [to Mr. Byrd] as if the defendant's actions best meet the . . . criteria for a vexatious litigator[.]" (*Id.*, 2.) Mr. Farnsworth's motion for leave to supplement the Motion to Declare Plaintiff a Vexatious Litigator is **GRANTED**.

In his Motion to Declare Plaintiff a Vexatious Litigator, Mr. Farnsworth argues:

> Although obtaining dismissal of the Complaint would customarily be a satisfactory result, Mr. Byrd's prior history demonstrates that additional relief is warranted. . . . Mr. Byrd has turned *pro se* litigation into a hobby, and absent being deemed a vexatious litigator, will file objections, motions for reconsideration, and countless other filings that would require Mr. Farnsworth to respond and require this Court to devote needless resources to this case.

(ECF No. 7, 4.) He points out that, since 1999, Mr. Byrd has filed at least fifteen *pro se* civil actions in state and federal courts—all of which have been dismissed as meritless or for Mr. Byrd's failure to prosecute. (*See* ECF Nos. 7-1–7-44.) Underscoring Mr. Farnsworth's argument, Mr. Byrd responded to an email containing courtesy copies of motion filings by threatening to file another sanctions motion based on improper removal of the case, and "a complaint to the United States Courts, Circuit Justice Brett Kavanaugh, or FBI Corruption Division[.]" (ECF No. 22, PAGEID # 712) (emphasis omitted).

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. University Housing*,

10

No. 2:06-cv-628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007) (Holschuh, J.) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)). The Sixth Circuit Court of Appeals has upheld the imposition of prefiling restrictions on vexatious litigators. *Id.* (collecting cases). Given the extensive number of meritless cases filed by Mr. Byrd, and his demonstrated willingness to file repetitive and baseless motions that strain judicial bandwidth, the Court finds it appropriate to declare Mr. Byrd a vexatious litigator.

Mr. Farnsworth's Motion to Declare Plaintiff a Vexatious Litigator is **GRANTED**. Mr. Byrd is **DEEMED A VEXATIOUS LITIGATOR** and is **ENJOINED** from filing any new actions without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that there is a good faith basis for the claims Mr. Byrd seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing. He is further **ORDERED** to include the captions and case numbers of all of his prior actions with any complaint filed in this or any other court.

## IV. MOTION TO STRIKE, MOTION FOR SANCTIONS

Except to broadly paint them as "lacking in substance," "uncorroborated," "flawed," and "irrelevant," Mr. Byrd does not respond to the arguments set forth in the Motions to Dismiss or the Motion to Declare Vexatious Litigator. (ECF Nos. 25, 27.) Instead, he moves to strike the motions and to sanction the attorneys who filed them. (ECF Nos. 24, 25.) Mr. Byrd's motions are without merit.

Mr. Byrd first moves to strike Defendants' Motions. (ECF No. 25.) Under Rule 12, "[t]he court may strike from a pleading an insufficient defense or any

11

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Pleadings" generally include only complaints and answers. Fed. R. Civ. P. 7(a). The Motions to Dismiss and the Motion to Declare Vexatious Litigator are not pleadings and, thus, are not the proper subjects of a motion to strike. Accordingly, Mr. Byrd's Motion to Strike (ECF No. 25) is **DENIED**.

Mr. Byrd also moves to sanction opposing counsel. (ECF No. 24.) This is Mr. Byrd's second motion for sanctions. (*See* ECF No. 16.) Under Rule 11, "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s Rule 11(b)] or is responsible for [such] violation." Fed. R. Civ. P. 11(c)(1). For the precise reasons set forth in Magistrate Judge Vascura's order (ECF No. 18) denying Mr. Byrd's first motion for sanctions, this renewed Motion for Sanctions (ECF No. 24) is **DENIED**.

## V. OBJECTIONS

Finally, Mr. Byrd has filed objections to this Court's May 28, 2021 Order and to the Magistrate Judge's June 4, 2021 Order. (ECF Nos. 17, 19.) In both filings, he belabors the familiar argument that this Court lacks jurisdiction over the case. (*Id.*) As both the Magistrate Judge and this Court have ruled, Mr. Byrd's Complaint presents a federal question over which this Court has subject-matter jurisdiction. (ECF Nos. 10, 15.) Mr. Byrd offers no persuasive reason why the Court should review or revise its holding. His objections are **OVERRULED**.

## VI. CONCLUSION

Accordingly, Mr. Cook's Motion to Dismiss (ECF No. 5) is **GRANTED**. Mr. Farnsworth's Motion to Dismiss (ECF No. 6) is also **GRANTED**.

Further, Mr. Farnsworth's Motion to Declare Plaintiff Vexatious Litigator (ECF No. 7) and related Motion for Leave to Supplement (ECF No. 22) are **GRANTED**. Accordingly, Mr. Byrd is **DEEMED A VEXATIOUS LITIGATOR** and is **ENJOINED** from filing any new actions without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that there is a good faith basis for the claims Mr. Byrd seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing. It is further **ORDERED** that Mr. Byrd must include the captions and case numbers of all his prior actions, should he file a complaint in this or any other court.

Mr. Byrd's Motion to Strike (ECF No. 25) and Motion for Sanctions (ECF No. 24) are **DENIED**.

Finally, Mr. Byrd's objections (ECF No. 17) to the Court's May 28 Opinion and Order are **OVERRULED**, as are his objections (ECF No. 19) to the Magistrate Judge's June 4 Order.

This case is **DISMISSED**. The Clerk is **DIRECTED** to terminate it from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**